(No. 3387—

JOHN T. HAWTHORNE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1939.*

Claimant, pro se.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed his complaint herein on June 10, 1939, and therein requests an award in the sum of $96.23, which amount he claims is due him for money advanced for traveling expenses. A report of the director of the Department of Conservation concerning the matter has been filed with this court and from the record herein it appears that during the months of February, March and April, 1937, and for more than four years prior thereto the claimant was in the employ of the respondent as Inspector of Game Wardens for the Department of Conservation, and that in addition to his salary he regularly received reimbursement for his traveling expenses. During such months of February, March and April,

1937, while engaged in the performance of the duties of his position, claimant incurred and paid traveling expenses in the amount of $96.23, but failed to present his expense account therefor to the Department of Conservation until October, 1937, at which time the appropriation out of which the same was properly payable had lapsed. The director of the department reports that the claim represents legitimate expenses incurred by the claimant, and that the reason the department did not voucher the same for payment was because the appropriation had lapsed when the expense account was presented.

A similar question was presented in the case of *Pelikan* vs. *State,* No. 3144, decided at the March Term, 1938, and we there held that the claimant was entitled to an award. The same conclusion has been announced by this court in numerous cases involving similar principles. See: *Indian Motor Cycle Company* vs. *State,* 9 C. C. R. 526, and cases there cited. On the facts presented in the instant claim the claimant is clearly entitled to an award. Award is therefore entered in favor of the claimant for the sum of Ninety-six Dollars and Twenty-three Cents ($96.23).